IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANFORD WILLIAMS, <br><br> Petitioner, <br><br> v. <br><br> ERIC ARMEL, Superintendent of SCI-Fayette, DISTRICT ATTORNEY OF ALLEGHENY COUNTY, and THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA <br><br> Respondents. | 2:19-cv-141-NR-CRE |

## ORDER

**AND NOW**, this 20th day of December, 2023, upon consideration of Defendant Stanford Williams's Motion for Extraordinary Relief (ECF 89), it is hereby **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Mr. Williams asks the Court to remove (and admonish) his current counsel of record, Sally A. Frick, and either appoint the Federal Public Defender as counsel or, in the alternative, allow him to file *pro se* objections to the Magistrate Judge's Supplemental Report and Recommendation (ECF 85). The Court will address these requests, in turn.

The Court grants Mr. Williams's request to remove Ms. Frick as counsel of record. By any objective measure, Ms. Frick's performance has fallen far below the standard of professionalism required for continued practice in this case and very likely before this Court. Prior to her appearance, Mr. Williams filed thoughtful, well-researched, and timely submissions, pressing his claims for habeas relief. This was no small feat; as Mr. Williams is keenly aware, the record is voluminous and complex. Still Mr. Williams articulated his claims for relief and presented them in a coherent manner. Despite Mr. Williams's best efforts, Magistrate Judge Eddy ultimately

issued a Report and Recommendation that recommended the Court deny his petition. ECF 64. Mr. Williams responded by raising limited objections to this initial R&R. ECF 67. While the Court was considering Magistrate Judge Eddy's recommendation and Mr. Williams's objections, Mr. Williams retained Ms. Frick as privately retained counsel. ECF 69. Chaos ensued.

After Ms. Frick entered her appearance, the Court gave her a generous amount of time to review the record, meet with Mr. Williams, and make a final determination about whether Mr. Williams's third amended petition should be amended once more. ECF 71. Alternatively, the Court granted Ms. Frick leave to file supplemental objections to the R&R. *Id.* Ms. Frick requested, and the Court granted, several extensions of its original deadline. ECF 73; ECF 77. Eventually, Ms. Frick filed a document entitled "Petitioner's Additional Objections to Report and Recommendation and to Amend Petition." ECF 78. This 11-page, bizarrely formatted document consists mainly of a lengthy and irrelevant recitation of the procedural history of the case, restatements of basic legal principles copied and pasted from other filings, and a superficial regurgitation of Magistrate Judge Eddy's recommendations. *See generally id.* The few "new" arguments that Ms. Frick added were incomprehensible gibberish that added little, if nothing, to the analysis of Mr. Williams's claims. *Id.*

In fact, Ms. Frick seemed to be confused about the fundamental nature of her own submission. For example, she stated that she was not "alleging additional and separate bases for the *writ*" but simply "augmenting the arguments previously made." *Id.* at p. 3. That wasn't true though—she was making new claims and even suggested in the title of her document that she sought to amend the operative petition. This confusion led the Court to issue an order that directed Ms. Frick to provide clarification (ECF 80), but the "clarification" she filed only resulted in more confusion

(ECF 82). But Ms. Frick's failures on her key submissions are not even the worst thing about her representation to date, surprising as that may seem.

Far worse was Ms. Frick's lack of communication and candor with her client. She did not tell Mr. Williams that a supplemental R&R had been filed. ECF 89, ¶ 1. He only learned of that fact through his own independent research in the institutional law library. *Id.* ¶ 3. When he found out, he promptly called Ms. Frick, who assured him that she would send him a copy of the supplemental R&R and file objections to it. *Id.* ¶ 5. She never followed through on either assurance, even though the Court separately ordered her to file "either objections or a notice that makes clear that none will be filed" after she blew the original deadline.[1] ECF 88. Frustrated by the lack of communication from Ms. Frick, Mr. Williams recently asked his wife to obtain a copy of the docket sheet directly from the Court. It was only after obtaining the full docket sheet that Mr. Williams learned all the ways he had been misled and let down by Ms. Frick, which prompted his motion.[2]

All that said, on the central issue of Ms. Frick's continued representation, Mr. Williams doesn't need the Court's permission to terminate her. He privately retained Ms. Frick and he may end her representation at any time. The Court construes his motion as her formal termination, and the Court accepts that termination, and will remove her as counsel of record from the docket. And, to be clear, the Court will not hold counsel's "shocking" (as Mr. Williams aptly describes it, ECF 89, p. 2) lack of

---

[1] Given her performance in this case, Ms. Frick unsurprisingly completely ignored this order and filed nothing in response.

[2] The recitation of the facts here are from Mr. Williams's *pro se* motion for extraordinary relief. ECF 89. The Court has no reason to dispute them. Indeed, Ms. Frick hasn't filed anything in response to Mr. Williams's motion disputing his version of events, which itself is telling. Nearly a week has passed, and Mr. Williams's motion makes serious allegations against her. Any responsible attorney would want to promptly respond to such a motion.

professionalism against Mr. Williams in any way. In the end, Ms. Frick's lasting contribution to this case will be nothing more than a nearly one-year delay to its final resolution, and additional effort expended by Magistrate Judge Eddy and this Court.

With Ms. Frick's representation terminated, the Court also agrees with Mr. Williams that more is needed here, and so formally admonishes Ms. Frick for her unprofessional conduct during her time as counsel. The Court intends to refer this matter to the Court's disciplinary committee for further review on whether Ms. Frick is fit for continued practice in this Court.

While the Court grants Mr. Williams's request to remove Ms. Frick as counsel, it cannot grant Mr. Williams's request that the Court appoint the Federal Public Defender to represent him going forward. Although "the Constitution guarantees the right to counsel on direct appeal, it does not guarantee the right to counsel in a habeas petition." *Gov't of V.I. v. Warner*, 48 F.3d 688, 692 (3d Cir. 1995) (citing *Wright v. West*, 505 U.S. 277 (1992)). Further, this isn't a situation where a hearing is necessary, such that counsel ought to be appointed. The matter before the Court is purely a legal one—*i.e.*, determining whether to adopt some or all of the two R&Rs filed in this case and ruling on any objections. Mr. Williams therefore will have to make his own arrangements for private counsel or proceed with his case *pro se* as he did previously.

Any objections to the supplemental R&R (ECF 85) will be due by **March 18, 2024**. The Court, however, will liberally grant any requests for an extension of this deadline, should Mr. Williams need more time.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge